UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHELLY COWEN                                         CIVIL ACTION

VERSUS                                               NO: 11-118

ALLSTATE INSURANCE CO.                               SECTION: R(3)

**ORDER AND REASONS**

Before the Court are two motions in limine: (1) plaintiff Shelly Cowen's motion to exclude the records of the Tangipahoa Parish Animal Control and the report of Dr. William Wheat, D.V.M.;[1] and (2) Cowen's motion to exclude State Fire Marshall records pertaining to an earlier fire at the Star Lite Video store.[2]  For the following reasons, the Court GRANTS the motion to exclude the animal control records and DENIES the motion to exclude the report of the earlier fire.

I.   BACKGROUND

This case concerns an insurance dispute over damage caused by a fire to plaintiff's home in Pontchatoula, Louisiana on January 12, 2010.  Allstate Insurance Company issued Policy No. 910 714601 01/24 to Shelly Cowen covering her house at 42056

---

[1]   R. Doc. 39.

[2]   R. Doc. 45.

Dunson Road on January 12, 2009.[3] The policy included a limit of $155,300 for the dwelling, $15,530 for other structures, and $108,710 for personal property.[4]

Cowen notified Allstate about her loss immediately after the fire, and Allstate first examined the property on January 14, 2010.[5] Over the next four months, Allstate conducted an investigation into the origin of the fire. Following this investigation, Allstate informed Cowen that it had denied her claim pursuant to the concealment and fraud exclusion based on its position that she knew or participated in causing the fire at her residence, made material misrepresentations during her Examination Under Oath, and failed to fully cooperate with the investigation.[6] Cowen filed this action in state court on January 8, 2011 and Allstate removed it to this Court on January 19, 2011.[7] Cowen claims that she is entitled to the full amount of her policy and additional living expenses, as well as statutory penalties, interest, and attorney fees for bad faith claims handling.[8] The Court granted summary judgment to Allstate

---

[3] R. Doc. 1-3 at 1.

[4] R. Doc. 14, Def.'s Ex. E, at 4.

[5] R. Doc. 14, Def.'s Ex. A1, at 52.

[6] R. Doc. 14, Def.'s Ex. A2.

[7] R. Doc. 1.

[8] R. Doc. 1-3 at 2.

on the issue of bad faith claims handling and held that Cowen was not entitled to statutory penalties or attorney fees.[9]  Cowen now moves to exclude records of the Tangipahoa Parish Animal Control, the report of Dr. William Wheat, and records of the State Fire Marshall of an earlier fire.

**II.   DISCUSSION**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law."  *U.S. v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).  All relevant evidence is admissible, unless otherwise proscribed by law.  Fed. R. Evid. 402.  Evidence that is not relevant is not admissible.  *Id.*  Evidence of extrinsic acts "is not admissible to prove the character of a person in order to show action in conformity therewith," but may "be admissible for other purposes, such as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).

---

[9]    R. Doc. 55.

3

**A.    Records of Tangipahoa Parish Animal Control and Dr. Wheat's report**

Cowen asks the Court to exclude the records of the Tangipahoa Parish Animal Control and the report of Dr. William Wheat, D.V.M., as irrelevant under Federal Rule of Evidence 401, or alternatively as prejudicial under Rule 403. Cowen contends that any evidence regarding the dogs taken from her property is irrelevant because the focus of this action is the denial of Cowen's insurance claim and Allstate's assertion of an arson defense.[10] Cowen also asserts that the dogs belonged to her mother, and argues that whether the dogs belonging to her mother were moved do not tend to establish Cowen's motive for arson. Allstate argues that the records and report are relevant to demonstrate the neglected state of the dogs, which shows Cowen's problematic financial situation.

In order for a defendant to prevail on an arson defense, the defendant must demonstrate "(1) that the fire was of an incendiary origin, and (2) that the plaintiff was responsible for setting the fire." *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 975 (5th Cir. 1983)(citing *Sumrall v. Providence Wa. Ins. Co.*, 60 So.2d 68, 69 (La. 1952)). Proof of plaintiff's responsibility may be demonstrated by circumstantial evidence, including by proof of plaintiff's motive. *Id.* at 795-96 (citing

---

[10]    R. Doc. 39-2 at 2-3.

*Rist v. Commercial Union Ins. Co.*, 376 So.2d 113 (La. 1979)). Here, the proffered records and report include Cowen's mother's citation for animal cruelty and detailed information about the condition of the animals found by the Tangipahoa Parish Animal Control. Although the records and report suggest neglect, nothing in the records and report indicate that the neglect was due to Cowen's financial condition. Further, that Cowen's mother was cited for animal cruelty does not increase the probability that Cowen was in a precarious financial condition, let alone suggest Cowen's motive to start the fire. *See* Fed. R. Evid. 401. Accordingly, the Court finds that the records and report are not relevant and are inadmissible.

**B.   State Fire Marshall record**

Cowen also moves to exclude records of the State Fire Marshall that pertain to a video store her mother owned. On March 27, 2007, a fire destroyed the building in which the Star Lite Video store was located.[11] Cowen asserts that she had no insurable interest in the video store and that she did not profit from the fire.[12] Cowen argues that evidence of the Star Lite Video fire does not tend to establish Cowen's responsibility for the fire currently at issue. Allstate argues that proof of other

---

[11]   R. Doc. 45-2 at 2.

[12]   *Id.*

family fires is admissible under Federal Rule of Evidence 404(b) as evidence of motive, plan, preparation, knowledge, or intent, citing *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986).

The two-prong test set forth by the Fifth Circuit in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1979), governs the admissibility of evidence of extrinsic offenses.  *See Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983) (applying *Beechum* analysis in the civil context).  *Beechum* requires the Court to determine first whether the extrinsic acts evidence is relevant to an issue other than the party's character.  Relevancy of extrinsic acts "is a function of its similarity to the offense charged," which requires more than a mere "common characteristic."  *Id.*  In this case, Allstate argues that evidence of the earlier fire is relevant to an issue other than Cowen's character.  As part of this first step, however, there must also be proof that the extrinsic event was in fact committed by the party, or otherwise it will not be admissible. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988)(citing *Beechum*, 582 F.2d at 912-13)("In the Rule 404(b) context, similar evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."). *See also United States v. Garcia-Gracia*, 324 Fed. Appx. 286, 293 (5th Cir. 2009)(citing *United States v. Gonzalez-Lira*, 936 F.2d

184, 189 (5th Cir. 1991))("the predicate to relevance of an extrinsic offense is proof that the defendant actually committed the offense").

Here, the report identifies Cowen's mother as owner of the Star Lite Video store and Cowen as its manager.  In addition, at least two witnesses have stated that Cowen admitted involvement with the earlier fire.[13]  The Court finds that Allstate has presented sufficient evidence that Cowen was involved in the earlier fire.  See *Pouncey v. Gov't Emps. Ins. Co.*, No. 99-3033, 2001 WL 1658177, at *6 (E.D. La. Dec. 21, 2001)(in insurance fraud case, court allowed evidence of other allegedly fraudulent claims because defendant presented sufficient evidence that plaintiff committed earlier act).

Moreover, the Court finds the circumstances of the two fires to be sufficiently similar.  The Star Lite Video report reflects the presence of an accelerant, which suggests the earlier fire had an incendiary origin.  It is not disputed that the Pontchatoula fire had an incendiary origin.[14]  Further, Cowen and her mother were closely involved with the properties involved in both fires: at the time of the earlier fire, Cowen's mother owned the store and Cowen managed it; before the fire at issue, Cowen's mother stored furniture at Cowen's home and, importantly, moved

---

[13]   R. Doc. 55 at 10.

[14]   See *id.* at 8.

that furniture out of Cowen's home before the fire occurred.[15] Accordingly, the Court finds the Star Lite Video report relevant to show Cowen's motive, intent, preparation, or plan. *See Dial*, 780 F.2d at 524 (allowing evidence of plaintiff's involvement with subsequent fires under Rule 404(b) to demonstrate common plan).

The second prong of the *Beechum* test requires the Court to make a Federal Rule of Evidence 403 determination regarding whether the probative value of the extrinsic acts evidence is substantially outweighed by the danger of unfair prejudice to the party. Cowen argues that the admission of these records would be unfairly prejudicial. Because this is a bench trial, the Court does not find her argument availing. *See Gulf States Utilities Co. V. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)(although evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, "[t]his portion of Rule 403 has no logical application to bench trials"). The Court finds that the Star Lite Video report has probative value, and that any danger of unfair prejudice is negated by the fact that this is a bench trial. *See Gulf States*, 635 F.2d at 519 (in a bench trial, the judge is capable of excluding "improper inferences from his mind in reaching a decision"). The Court

---

[15] *Id.* at 9.

therefore finds that the records pertaining to the Star Lite Video store fire are admissible extrinsic acts evidence under Rule 404(b).

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion in limine to exclude the Tangipahoa Parish Animal Control records and Dr. Wheat's report is GRANTED. Plaintiff's motion in limine to exclude the State Fire Marshall report on the Star Lite Video store fire is DENIED.

New Orleans, Louisiana, this 3rd day of January, 2012.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE